IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-HC-02144-M-RJ

| | | |
|---|---|---|
| MICHAEL BATTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This petition is before the court for initial review under 28 U.S.C. § 2243 (providing the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief). As discussed below, the action is dismissed without prejudice.

Procedural History:

On August 15, 2022, Michael Battle ("petitioner" or "Battle") filed *pro se* what the court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1].

On September 26, 2022, because petitioner had failed to comply with the court's August 18, 2022, order of deficiency, see Order [D.E. 3] (directing petitioner to re-file his petition on the correct forms and to pay the filing fee or move to proceed without prepayment of fees, and warning petitioner that failure to correct these deficiencies may result in dismissal of the action without prejudice for failure to prosecute), the court dismissed the action for failure to prosecute, denied a Certificate of Appealability, closed the case, and entered judgment, see Order [D.E. 4]; J. [D.E. 5].

On October 12, 2022, the court received both petitioner's petition on the correct forms, see Am. Pet. [D.E. 7] (hand-dated Sept. 4, 2022), and his motion to proceed *in forma pauperis*, Mot. [D.E. 8] (hand-dated Aug. 25, 2022).

On October 18, 2022, the court: liberally construed petitioner's October 12, 2022, filing a as a motion seeking reconsideration of the court's prior order dismissing the case; granted the motion for reconsideration; directed the clerk to reopen the case; and informed petitioner that the court would conduct its initial review of the petition in a forthcoming order. Order [D.E. 10].

## Petitioner's Filing:

Petitioner was a pretrial detainee committed for hospitalization. Am. Pet. [D.E. 7] at 1; see Order [D.E. 69], United States v. Battle, No. 1:20-00252-AT-JSA (N.D. Ga. Nov. 4, 2021) (declaring Battle incompetent to stand trial under 18 U.S.C. § 4241(d) and committing him to the custody of the Attorney General). Petitioner essentially argues his commitment was erroneous and that his constitutional rights have been violated. See Am. Pet. [D.E. 7] at 2.

As to whether he earlier challenged a decision or action, petitioner contends his "first appeal" was to the United States District Court for the Northern District of Georgia on February 28, 2022. Id. at 2. As to the issues raised in this "first appeal," petitioner asserts:

> The plaintiff's [sic] statutory right to a Speedy trial has been violated . . . The plaintiff [sic] has served over the Government's recommendation of 33 months even if the Government uses a 37 month sentence the plaintiff [sic] still served more time than he normally would even if he received a 37 month sentence. Defendants generally have to Serve 85% of their sentence. 85% of 37 months is 31 [months]. 45 months Suffered Significant [sic].

Id.

Petitioner indicates he filed a "second appeal" in the United States District Court for the Northern District of Georgia on July 21, 2022. Id. at 3.

As to "other appeals," petitioner indicates he filed a motion to dismiss the indictment in his criminal case on February 28, 2022. Id. at 5. As to the "issues raised" in this "appeal," petitioner asserts: "The plaintiff [sic] has suffered significant. This has caused the Plaintiff [sic] great

2

anxiety. The Plaintiff's [sic] Constitutional right to a speedy trial has been violated. The plaintiff's [sic] Constitutional rights have been violated [;] dismissal is mandatory." Id.

Petitioner's first ground for relief asserts: "The plaintiff [sic] is in illegal restraint and unlawful confinement. The plaintiff's [sic] Constitutional rights have been violated. The plaintiff [sic] assert [sic] that he has been threatened by officials." Id. at 6. In support, he states:

> Document 69-1 [sic] The plaintiff [sic] has been committed to the Custody of the Attorney General where the record in this case was reviewed on an erroneous basis. The Plaintiff [sic] has been locked down in Special Housing Units since 4/27/22 April 27, 2022 [sic] well over the days to serve for an incident from The Miami Federal Detention from August 8, 2021 [sic].

Id.

Petitioner's second ground for relief asserts: "motion for dismissal of the plaintiff's [sic] indictment was submitted February 28, 2022. ACT APRIL 24, 1996 Paragraph (8) [sic]." Id. In support, petitioner states: "The plaintiff [sic] has suffered significant [sic]. The plaintiff's [sic] Constitutional Rights have been violated. The Plaintiff [sic] has served over the Government's recommendation [sic]." Id.

Petitioner's third ground for relief asserts: "The plaintiff [sic] has filed Administrative remedy for in-house resolution 1330 for the Federal Bureau of Prisons and Administrative remedy for appeal for the disciplinary infraction-Regional Appeal [sic]. Id. In support, petitioner states:

> Officials failed to respond to administrative process. The regional appeal was given to the plaintiff [sic] late by M. Sandborn (official) where the plaintiff [sic] was left locked in Special Housing Unit well over the days to serve. This is during the process of writ of habeas corpus. The plaintiff [sic] has been assaulted during this process.

Id.

3

Petitioner's fourth ground for relief states: "Administrative remedy 1330.13 [sic]." In support of this ground for relief, petitioner writes: "Counselor and Case manager are not cooperating. Officials have told the plaintiff [sic] that they were not going to mail information in regards to habeas corpus. It is mandatory of officials to mail information in regards to habeas corpus with promptness [sic]." Id. at 7.

As to his requested relief, petitioner states:

EMEREGENCY All expenses are paid for by the State of any institution that I am Confined, free Commissary, and Compensation Monetary monetary compensation [sic] One Hundred Thousand Dollar's per year in Confinement. Five Thousand Dollar's for each evaluation. EMEREGENCY release from Custody Court's 459 Jurisdiction. Hospitalization. EMERGENCY (72 hours) Dentist [sic].

Id. at 7 (punctuation and capitalization original).

Discussion:

A petition for a writ of habeas corpus allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). Although a civil committee may file a habeas petition under 28 U.S.C. § 2241, United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995), he first must exhaust all available remedies before seeking habeas relief, see Timms v. Johns, 627 F.3d 525, 531–33 (4th Cir. 2010); Bussie v. United States, No. 5:15-HC-2149-FL, 2015 WL 12910636, at *2 (E.D.N.C. Nov. 3, 2015).

As the instant § 2241 petition was pending, Battle's criminal case was dismissed. See United States v. Battle, No. 1:20-00252-AT-JSA (N.D. Ga. Apr. 10, 2023), Order [D.E. 116] (declaring Battle incompetent and not restorable, dismissing without prejudice the criminal action, and temporarily committing him to remain at FMC Butner for evaluation for potential release or continued hospitalization).

4

Also, in a separate case in this court, the Government has submitted a certificate of Mental Disease or Defect and Dangerousness opining that Battle meets the criteria for commitment under 18 U.S.C. § 4246(a) and moved for a hearing under 18 U.S.C. 4246(c) to determine Battle's present mental condition. See United States v. Battle, No. 5:23-HC-02066-D (E.D.N.C. Mar. 31, 2023), [D.E. 1]. On April 11, 2023, the court, *inter alia*, directed the Federal Public Defender to represent Battle in that action, granted the Government's motion to stay, and held in abeyance the hearing and deadlines until further notice from the court. See id., Order [D.E. 6], Order [D.E. 8].

Those parts of the instant petition seeking dismissal of his criminal case or challenging his detention in the custody of the Attorney General due to his incompetence to stand trial now are moot. See 18 U.S.C. § 4241(d) ("If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.").

Further, because there is no present motion to dismiss the § 4246 certificate of mental disease or defect, petitioner did not exhaust his available remedies in his separate case in this court. See Battle, No. 5:23-HC-02066-D (E.D.N.C.). Petitioner also does not allege "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Timms, 627 F.3d at 530. Accordingly, the court will dismiss the instant petition without prejudice so that petitioner may exhaust available remedies in his § 4246 case. See id. at 533; see also Green v. United States, No. 5:11-HC-2254-D, 2012 WL 2367390, at *1 (E.D.N.C. June 21, 2012).

To the extent petitioner asserts civil commitment is punitive, "the confinement of mentally unstable individuals who present a danger to the public [is a] classic example of nonpunitive detention." Kansas v. Hendricks, 521 U.S. 346, 363 (1997) (internal quotation marks omitted).

5

To the extent petitioner instead seeks money damages or challenges his conditions of confinement at FMC Butner, including his placement in the Special Housing Unit, issues with access to medical or dental care, and difficulty with prison mailings or access to the courts, such claims generally do not sound in habeas corpus but instead may be raised in a civil-rights suit. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (noting that, "where success in the action would not necessarily spell immediate or speedier release," a prisoner may not pursue his claims in a habeas corpus proceeding; instead, a civil-rights action provides the "appropriate remedy"); Nelson v. Campbell, 541 U.S. 637, 643, 646 (2004) (noting "damages are not an available habeas remedy" and that "constitutional claims that merely challenge the conditions of a prisoner's confinement" fall outside of the "core" of habeas corpus petitions); Preiser, 411 U.S. at 488–90 (distinguishing habeas petitions and civil-rights actions); Matherly v. Andrews, 859 F.3d 264, 274–76 (4th Cir. 2017) (discussing civil detainee conditions-of-confinement claims). The court makes no findings as to petitioner's likelihood of success in any such civil-rights action.

Conclusion:

In sum, the court: DISMISSES WITHOUT PREJUDICE this § 2241 action; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); DENIES AS MOOT the motion for leave to proceed *in forma pauperis* [D.E. 8]; and DIRECTS the clerk to close the case.

SO ORDERED this 23d day of May, 2023.

RICHARD E. MYERS II
Chief United States District Judge